UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
EDMUND J. SUSMAN, JR., and all similarly
situated individuals,

                                  Plaintiff,                  Case No. 1:24-cv-01281-LJV

     -against-


ANN MARIE T. SULLIVAN, M.D. in her official
capacity,

                                  Defendant.
------------------------------------------------------------------x

# MEMORANDUM OF LAW

# IN SUPPORT OF

# PLAINTIFF'S MOTION FOR AN EXPEDITED HEARING

**THE BELLANTONI LAW FIRM, PLLC**
*Attorneys for Plaintiff*
**2 Overhill Road, Suite 400
Scarsdale, New York 10583
abell@bellantoni-law.com**

**PRELIMINARY STATEMENT**

Plaintiff seeks an order pursuant to Local Rule of Civil Procedure 7(d)(1) for an expedited hearing on his motion for a preliminary injunction. Plaintiff is not seeking to have his motion for an expedited hearing or his motion for a preliminary injunction heard *ex parte*; he simply seeks to be heard in expedited fashion for the reasons noted herein and the attached motion.

**LEGAL ARGUMENT**

**I. THERE IS GOOD CAUSE TO EXPEDITE PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

There is good and sufficient cause for an expedited hearing on Plaintiff's motion for a preliminary injunction during the pendency of this litigation.

Plaintiff is suffering ongoing and irreparable harm caused by Defendant's enforcement of Mental Hygiene Law § 7.09(j) and 14 NYCRR 543 against Plaintiff, which have wrongfully caused Plaintiff's permanent disarmament in violation of the Second Amendment [Ex. 1, Ex. 2].

As set forth in the accompanying motion for a Preliminary Injunction (the "motion"), the permanent termination of Plaintiff's Second Amendment rights stems from New York State's inclusion of Plaintiff in the state's NICS (National Instant Criminal Background Check System) mental health reporting database as a person prohibited from possessing firearms due to having been "committed to a mental institution."

However, Plaintiff's voluntary and brief admission to a hospital for a mental health evaluation nearly a decade ago does not fall within the *sui generis* of events giving rise to permanent disarmament.

Plaintiff seeks to expedite his motion for a preliminary injunction because he is absolutely foreclosed from engaging in conduct presumptively protected by the Second Amendment – firearm possession for self-defense. The wrongful termination of his right to possess and purchase firearms

1

extends not only to his individual right to self-defense, but also to his employment as a federal law enforcement officer.

Plaintiff has been employed as a Special Agent with the Bureau of Diplomatic Security, under the U.S. Department of State since 2006 where he serves as a Liaison Agent to FBI Joint Terrorism Task Force, Buffalo, New York, on protective details for senior U.S. and foreign diplomats in the U.S. and abroad, including high threat environments, conducts advance security surveys and site assessments, including emergency procedures [Ex. 1 at ¶¶ 79, 80-81, 93]. Plaintiff is responsible for conducting complex and sensitive investigations involving terrorist activities, threats, and incidents directed against U.S. citizens, U.S. Government (USG) personnel and diplomatic facilities abroad [Ex. 1 at ¶ 82].

Plaintiff holds Active Top Secret clearance issued by the U.S. Department of State and carries a firearm in the course of his job duties [Ex. 1 at ¶ 96; Declaration of Edmund J. Susman, Jr. ("Susman Dec.") at ¶ 6].

Plaintiff has never been arrested, and owns multiple handguns, rifles, and shotguns, which were purchased from a federal firearm licensee (FFL) after undergoing and passing a federal background check through NICS [Ex. 1 at ¶ 95]. Plaintiff has been regularly armed with a firearm personally and/or in his employment capacity for over 30 years, without incident [Ex. 1 at ¶ 75].

Carrying a firearm is an essential function of Plaintiff's employment as a Special Agent with the Bureau of Diplomatic Security, under the U.S. Department of State, and his position as a Liaison Agent to FBI Joint Terrorism Task Force in Buffalo, New York [Susman Dec. at ¶ 6].

The regulations being enforced against Plaintiff by Defendant as the Commissioner of the Office of Mental Health, Mental Hygiene Law § 7.09(j) and 14 NYCRR 543, have permanently disarmed Plaintiff [Ex. 1, Ex. 2].

By reason of the false information being reported to the federal government, to wit, that Plaintiff was "committed to a mental institution" as that term is understood in the context of the Second Amendment, Plaintiff is permanently barred from possessing, purchasing, receiving, and transferring firearms and ammunition under 18 U.S.C. 922(g)(4) [Ex. 2]. A violation of 18 U.S.C. 922(g)(4) is a felony.

By Defendant's enforcement of the challenged statutes, Plaintiff's security clearances and assignments are compromised and his Global Entry status has been revoked, which is negatively impacting his employment with the State Department [Susman Dec. at ¶ 7]. Plaintiff also intends to continue possessing firearms in his personal and professional capacities, which exposes him to criminal penalties, arrest, incarceration, and corresponding civil and criminal penalties [Susman Dec. at ¶¶ 6-8].

Accordingly, there is good and sufficient cause to expedite the hearing of Plaintiff's motion for a preliminary injunction.

## CONCLUSION

Plaintiff's motion for an expedited hearing should, most respectfully, be granted.

Dated: January 2, 2025
      Scarsdale, New York

                                        THE BELLANTONI LAW FIRM, PLLC
                                        *Attorneys for Plaintiff*

By:    *Amy L. Bellantoni*
          Amy L. Bellantoni
          2 Overhill Road, Suite 400
          Scarsdale, New York 10583
          abell@bellantoni-law.com