UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| EDMUND J. SUSMAN, JR., and all similarly situated individuals,<br><br>     Plaintiff,<br><br> vs.<br><br>ANN MARIE T. SULLIVAN, M.D., in her official capacity,<br><br>     Defendant. | **STIPULATION AND PROTECTIVE ORDER**<br><br>Case No. 24-CV-1281 |

---

**WHEREAS**, the parties believe that discovery in this action may involve the production of confidential documents such as medical records, mental health records, investigative and law enforcement documents; and

**WHEREAS**, the parties believe it would be appropriate for discovery in the Action to be conducted under a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

**WHEREAS**, this Protective Order shall be applicable to all depositions, interrogatories, requests for admissions, document productions, responses thereto, or any other discovery pursuant to the Federal Rules of Civil Procedure, and any other material or information hereafter furnished by or on behalf of the parties in connection with the Action.

    **ACCORDINGLY, IT IS HEREBY STIPULATED AND ORDERED THAT:**

    1.  As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and the "Receiving Party" shall mean any party who is not the Producing Party for that document or information.

2. Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "CONFIDENTIAL" any document, testimony or other discovery material that the producing party or non-party reasonably and in good faith believes to constitute non-public personal, law enforcement, investigative or medical information.

3. Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "CONFIDENTIAL-ATTORNEY EYES ONLY" any document, testimony or other discovery material that the producing party or non-party reasonably and in good faith believes to constitute or include highly sensitive non-public personal, law enforcement, investigative or medical information that, if disclosed without the protections provided herein for "CONFIDENTIAL-ATTORNEY EYES ONLY" information, would violate an applicable federal or state law privilege, jeopardize the personal safety or wellbeing of anyone, or the security and good order of a correctional facility.

4. All persons receiving "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" material shall take all steps reasonably necessary to prevent the disclosure of such material to anyone other than persons identified below.

5 Material marked or otherwise designated as "CONFIDENTIAL" shall be maintained in confidence by the Receiving Party, shall not be used or disclosed by the Receiving Party for any purpose or function except in connection with the preparation and conducting of this action, including depositions, trials and appeals, if any, and shall not be used for any other purpose. Materials marked or otherwise designed as "CONFIDENTIAL" shall not be disclosed by the Receiving party to any other person except:

    a. the Court and Court personnel engaged in proceedings incident to this action;

  b. court reporters before whom a deposition in this action is taken, including stenographic reporters and any secretarial, clerical, or other lay personnel assisting such reporter;

  c. counsel of record and their stenographic clerical and paralegal agents, contractors or employees whose duties and responsibilities require access to such materials;

  d. the individual parties;

  e. persons who, as indicated on the face of the discovery material that has been designated "CONFIDENTIAL" or from the source information provided by the designating party, have received the discovery material or seen it prior to the date such discovery material is produced in this action;

  f. independent litigation support service personnel such as translators, duplicating services, auxiliary services of like nature, routinely engaged by counsel;

  g. mediators; and

  h. expert consultants and witnesses.

6. Material marked or otherwise designated as "CONFIDENTIAL-ATTORNEY EYES ONLY" shall be maintained in confidence by counsel for the party to whom such material is produced, shall not be used or disclosed by such counsel for any purpose or function except in connection with the preparation and conducting of this action, including depositions, trials and appeals, if any, and shall not be used in any other civil action or for any other purpose. Materials marked or otherwise designed as "CONFIDENTIAL-ATTORNEY EYES ONLY" shall not be disclosed by such person to any other person except:

  a. the Court and Court personnel engaged in proceedings incident to this action;

  b. court reporters before whom a deposition in this action is taken, including stenographic reporters and any secretarial, clerical, or other lay personnel assisting such reporter;

  c. counsel of record and their stenographic clerical and paralegal agents, contractors or employees whose duties and responsibilities require access to such materials;

  d. independent litigation support service personnel such as translators, duplicating services, auxiliary services of like nature, routinely engaged by counsel;

  e. expert consultants and witnesses;

  f. mediators; and

  f. persons who, as indicated on the face of the discovery material that has been designated "CONFIDENTIAL-ATTORNEY EYES ONLY" or from the source information provided by the designating party, have received the discovery material or seen it prior to the date such discovery material is produced in this action.

Such material may not be disclosed to the individual parties to this action.

  7. Material marked or otherwise designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" shall not be disclosed to persons in categories 5(h) and 6(e) without execution of the attached Certification To Stipulated Protective Order.

  8. The parties hereto agree that if any person not authorized to receive "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" information under the terms of this Protective Order is present at any deposition in this action or at a hearing, trial or other court proceeding, that person shall be asked to leave that proceeding for the period of time during which such information material is the subject of questioning or, if necessary, be allowed to remain in that proceeding after executing the Certification To Stipulated Protective Order.

  9. The attorneys of record for a party who wishes to disclose information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" to persons other than those identified in Paragraphs 5 and 6 shall notify the attorneys of record for the other party. The attorneys shall discuss in good faith whether disclosure can be made. If they cannot agree, the party seeking disclosure shall move the Court, on reasonable notice, for an order permitting disclosure. No disclosure of the information to persons other than those identified in Paragraphs 4 and 5 shall be made pending a ruling by the Court.

10. A party shall not be obligated to challenge the propriety of the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" at the time made, and failure to do so shall not preclude a later challenge thereof. If a party challenges such a designation, it shall send or give notice to the other party and to any third party who designated the information as confidential and shall attempt in good faith to resolve any challenge on an expedited and informal basis. The party which designated such information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" shall have the burden of proving that the information at issue is entitled to such designation by a preponderance of the evidence. The information at issue shall continue to be treated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" until the parties agree or the Court determines otherwise.

11. Discovery material produced without the designation of "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" may be designated subsequent to production or testimony when the producing party failed to make such designation at the time of production or during the testimony through inadvertence or error. If discovery material is designated subsequent to production or testimony, the designating party may ask the receiving party to use its best efforts, at the designating party's expense, to promptly collect any copies that have been provided to individuals other than those identified in Paragraphs 5 and 6 of the Protective Order. For purposes of this Paragraph, the material will be deemed to be "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" seven days after the date upon which notice of the designation is received.

11. No "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" material shall be electronically filed or otherwise placed in the public record of this action. Any

document or thing containing or embodying "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" material that is to be filed in this action shall have the portion of the document containing such "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" material filed under seal pursuant to the requirements of Local Rule 5.3 of the Local Rules of Civil Procedure for the Western District of New York .

12. This Protective Order shall remain in full force and effect after the termination of this litigation, or until cancelled or otherwise modified by a Court order, or by written agreement of the parties.

13. Jurisdiction of this action is to be retained by this Court, after final determination or settlement, for purposes of enabling any party to this Protective Order to apply to the Court for such direction, order or further decree as may be appropriate for the construction, modification, enforcement or compliance herewith or for the punishment of any violation hereof, or for such additional relief as may become necessary to realize the intentions of this Protective Order.

14. At the conclusion of this case, all material produced in discovery that has been marked or otherwise designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY," or that qualifies as "protected health information" under HIPPA, and all copies thereof, shall be returned to the producing party, or the receiving party's counsel shall certify in writing to the producing party's counsel that such materials have been destroyed.

15. Nothing in this Protective Order shall be deemed to waive any otherwise applicable privilege or any objection as to the admissibility of evidence.

16. Any privileged material that is inadvertently produced during discovery in this action shall promptly be returned to the producing party upon written request. Such inadvertent disclosure shall not constitute a waiver of any applicable privilege for any purpose.

17. Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, this Protective Order will be treated as though it has been "So Ordered".

18. Nothing in this Protective Order shall preclude any party or non-party from seeking or obtaining from the Court different or further protection or relief pursuant to Fed. R. Civ. P. 26(c) or any other provision of the Federal Rules of Civil Procedure.

| | |
|---|---|
| THE BELLANTONI LAW FIRM, PLLC<br>*Attorneys for Plaintiff*<br><br>By: *Amy L. Bellantoni*<br>　　　Amy L. Bellantoni, Esq.<br>2 Overhill Road, Suite 400<br>Scarsdale, New York 10583<br>abell@bellantoni-law.com | LETITIA JAMES<br>Attorney General of the State of New York<br>Attorney for NYSGC<br><br>BY: *Daniel R. Maguire*<br>　　　DANIEL R. MAGUIRE<br>　　　JOEL L. TERRAGNOLI<br>Assistant Attorney General, of Counsel<br>Main Place Tower, Suite 300A<br>350 Main Street<br>Buffalo, NY 14202<br>(716) 853-8400<br>Daniel.Maguire@ag.ny.gov |

SO ORDERED:

_____
Honorable Lawrence J. Vilardo
United State District Judge, WDNY

Date:_____